

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

O-1564

Honorable Stephen P. Herbert
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-2192
Re: Would the fact that Art.
567-B, H. B. 190, 46th
Leg., R. S., repeals Sec.
4 of Art. 1546, P. C.,
prevent the prosecution
now for swindling by worth-
less check as defined in
Sec. 4, Art. 1546, P. C.,
where said check is not
prescribed by limitation?

Your recent request for an opinion of this Depart-
ment on the above stated question has been received.

Your letter reads in part as follows:

"Would the fact that Art. 567-B P.C., House
Bill No. 190, 46th Leg., Reg. Ses., repeals Sec.
4 of Art. 1546 P.C., prevent the prosecution at
this time for swindling by worthless check, as
defined in Sec. 4 of Art. 1546 P.C., where said
check are not prescribed by limitation.

"In other words, we have had brought to this
office, a few checks which are specifically covered
by Sec. 4 of Art. 1546 P.C., and parties holding
said checks wish to file complaints.

"I find no authority to support the conten-
tion by some, that, because the bad check law (Art.
567-B, P.C.) repeals Sec. 4 of Art. 1546 P.C., as
of Sept. 20, 1939, no complaints could be filed
and no prosecutions had since said date of Sept.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Stephen P. Herbert, Page 2

20, 1939. In other words, it would appear to
me that if one cannot be prosecuted at this
time for having committed a criminal offense
prior to September 20, 1939 under Sec. 4 of
Art. 1546 P.C., it would seem that the later
hot check law, Art. 567-B P.C., would be
retroactive."

In an opinion rendered by the Court of Criminal
Appeals in the case of Padlock vs. the State of Texas, de-
livered February 14, 1940, (not yet reported) your question
was answered in the negative.

We quote from the above mentioned opinion as fol-
lows:

"By House Bill No. 190 of the 46th Legis-
lature, Chapter 17, Volume 1, page 246, General
Laws, a new act was passed covering the subject
of swindling by bad checks. Section 7 of said
act, in specific language, repeals Section 4 of
Article 1546 of the Penal Code. That is the
article under which the present prosecution is
had. The question has been raised as to whether
or not the repeal of that section by the new
act subsequent to the commission of the offense
would bar the prosecution.

"The offense under consideration is alleged
to have occurred in February, 1939, and was tried
at the July term of court in 1939. The 46th
Legislature adjourned on June 21, 1939, and said
House Bill No. 190 did not become effective until
90 days after adjournment.

"Article 1546 P.C. was in effect at the time
of the alleged commission of the offense and at
the time of the trial. Of course, if Art. 1545,
P.C., had been repealed, and the act therein
denounced was no longer an offense, this prosecu-
tion would be ended, but the 46th Legislature
(House Bill No. 190), while repealing Art. 1546,
P.C., also re-enacted a statute which made of-
fenses the same acts which had theretofore been
denounced as such in Art. 1546. The penalty was
also increased. Under the circumstances stated,
Arts. 13, 14, 15 and 16 of the Penal Code are
operative. They are construed and given effect
in Ash v. State, 134 Tex. Cr. R. 208, 114 S. W.

Honorable Stephen P. Herbert, Page 3

(2d) 889, and the cases therein cited, and also in Spangler v. State, 135 Tex. Cr. R. 36, 117 S. W. (2d) 63; Stansbury et al v. State, 111 S. W. (2d) 717.

"It is not to be understood that we are here construing or passing on the Constitutionality of the Act of the 46th Legislature in question. The extent of our holding is that under Arts. 13 to 16, inclusive, of the Penal Code, said Act does not affect the present prosecution.

"It is therefore our conclusion that prosecution will lie for offenses committed prior to September 21, 1939. Further that (than) this, it is sufficient to say that the present case does not raise any question as to the constitutionality of the re-enactment above referred to as House Bill No. 190, Acts of the 46th Legislature."

Our opinion No. 0-1564 which is in conflict with the holding of this opinion is hereby expressly overruled.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:EW

APPROVEDAPR 17, 1940

ATTORNEY GENERAL OF TEXAS

0-1564

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN